1  David S. Shughart #015299
   Beale, Micheaels, Slack & Shughart, P.C.
2  7012 N 18th Street
3  Phoenix, AZ 85020
   (602) 957-0516
4  dshughart@bmsslaw.com

5
   Peter J. Brodhead #0006733, application for admission *Pro Hac Vice* forthcoming
6  William Hawal #0006730, application for admission *Pro Hac Vice* forthcoming
7  Dustin B. Herman #0093163, application for admission *Pro Hac Vice* forthcoming
   SPANGENBERG SHIBLEY & LIBER LLP
8  1001 Lakeside Avenue East, Suite 1700
   Cleveland, Ohio 44114
9  (216) 696-3232
10 pbrodhead@spanglaw.com
   whawal@spanglaw.com
11 dherman@spanglaw.com

12 Attorneys for Plaintiff

13
                    **IN THE UNITED STATES DISTRICT COURT**
14
                       **FOR THE DISTRICT OF ARIZONA**
15
   Robert Dalessandro, individually,        )  Case No.: _____
16                                           )
17              Plaintiff,                   )
                                             )       **COMPLAINT**
18 v.                                        )
                                             )
19 Avella of Deer Valley, Inc., an Arizona   )        (Jury Trial Requested)
20 corporation, d/b/a Avella Specialty       )
   Pharmacy,                                 )
21                                           )
22              Defendant.                   )
   _____ )
23

24      Plaintiff, Robert Dalessandro, hereby brings this cause of action against

25 Defendant, AVELLA OF DEER VALLEY, INC., an Arizona corporation, d/b/a

26

AVELLA SPECIALTY PHARMACY, and upon information and belief and based upon the investigation of counsel, alleges as follows:

1.      This is an action for damages related to a contaminated eye injection of bevacizumab (name brand "Avastin").

<h3 style="text-align:center"><u>JURISDICTION, VENUE, AND PARTIES</u></h3>

2.      This Court properly has diversity jurisdiction of this action pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest and costs, and it is between citizens/entities of different states.

3.      Venue in this action properly lies in the District of Arizona pursuant to 28 U.S.C. §§ 1391 as Defendant has its principal place of business in Maricopa County, Arizona.

4.      Plaintiff is, and at all times relevant was, a resident of Ahwahnee, Madera County, California.

5.      Defendant Avella of Deer Valley, Inc. d/b/a Avella Specialty Pharmacy ("Avella") is a corporation organized and existing under the laws of Arizona, having its principal place of business located at 24416 N. 19th Avenue, Phoenix, Maricopa County, Arizona 85085, and regularly conducts business throughout the United States and in the State of California.

6.      Defendant is a national specialty pharmacy that distributes specialized and compounded medications across the country. Defendant's corporate headquarters, outsourcing facility, and national distribution center is located at 24416 N. 19th Avenue,

Phoenix, Arizona 85085. Defendant also operates and controls retail specialty pharmacies throughout the United States.

## **FACTUAL ALLEGATIONS**

7.      Bevacizumab is an anti-neoplastic (that is, anti-cancer) agent that reduces angiogenesis (formation of new blood vessels).

8.      Bevacizumab is a "drug" as defined by A.R.S. § 32-1901 and section 201 of the Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C.A. § 321(g)).

9.      Bevacizumab is also a "biological product" as defined by section 351(i)(1) of the Public Health Service Act ("PHSA") (42 U.S.C.A. § 262(i)(1)).

10.     Genentech, Inc. manufactures and distributes bevacizumab under the brand name Avastin pursuant to a Biologic License Application (#125085), which was approved by the FDA in February 2004.

11.     In addition to its FDA approved indications, bevacizumab is prescribed off-label for the treatment of various eye conditions, including macular degeneration, diabetic macular edema, diabetic retinopathy, and choroidal neovascularization.

12.     For these off-label ophthalmic applications, physicians administer bevacizumab intravitreally.

13.     At all relevant times, Defendant repackaged bevacizumab into prefilled injectable preparations of bevacizumab (i.e., prefilled syringes), and sold and distributed the prefilled injectable preparations of bevacizumab to ophthalmologists and eye care centers throughout the United States.

14.     In preparing the prefilled injectable preparations of bevacizumab, Defendant removed the bevacizumab from its FDA-approved container-closure system (a sealed vial), and repackaged the bevacizumab into single-use insulin syringes.

15.     Defendant selected and utilized for this purpose insulin syringes which had surfaces coated and/or sprayed with polymeric organosilicon compounds, commonly referred to as silicone oil.

16.     The silicone-coated insulin syringes selected and utilized by Defendant were not designed, tested, or approved for intravitreal administration, and created a substantial risk of silicone oil contamination of the injectable drug substance bevacizumab, such that silicone oil particles would be injected into the patient's eye.

17.     On or about March 29, 2016 and May 31, 2016, Plaintiff, Robert Dalessandro, received bevacizumab injections in his right eye from Defendant's prefilled injectable preparations of bevacizumab that were contaminated with silicone oil particles (hereinafter referred to as the "Contaminated Injections").

18.     The Contaminated Injections resulted in numerous silicone oil particles being injected into, and residing permanently within, the vitreous of Mr. Dalessandro's eye.

19.     The Contaminated Injections caused, and continues to cause, significant interference with Mr. Dalessardo's vision and activities of daily living and has caused Plaintiff permanent injuries.

20.     The Contaminated Injections were adulterated and violated applicable state and federal laws and regulations.

21.     Defendant failed to adequately warn about the risks and consequences of silicone contamination of Defendant's prefilled injectable preparations of bevacizumab, including the Contaminated Injections.

22.     Defendant knew that utilizing siliconized insulin syringes for its prefilled injectable preparations of bevacizumab caused them to be contaminated with silicone oil, resulting in eye injuries to patients, but nevertheless continued utilizing siliconized insulin syringes for this purpose.

23.     Defendant consciously pursued a course of conduct, as described above, knowing that it created a substantial risk of harm to others. Defendant's acts exhibited a conscious and deliberate disregard of the interests and rights of others, which directly and proximately caused Plaintiff to suffer damages.

24.     Upon information and belief, the Contaminated Injections were prepared at Defendant's principle place of business. To the extent the Contaminated Injections were physically prepared at one of Avella's satellite pharmacies, Plaintiff pleads in the alternative that Defendant maintained control over the satellite pharmacies, including control over the selection and utilization of siliconized insulin syringes for prefilled injectable preparations of bevacizumab, including the Contaminated Injections.

## FIRST CAUSE OF ACTION

## MEDICAL MALPRACTICE ACTION

25.    Plaintiff incorporates paragraphs 1-24 by reference as if fully stated herein and further states:

26.    This is a medical malpractice cause of action being brought pursuant to A.R.S. §§ 12-561, et seq.

27.    A Certificate of Compliance pursuant to A.R.S. § 12-2603 is being filed and served with this Complaint.

28.    Defendant and its employees engage in the Practice of Pharmacy as that term is defined by § A.R.S. 32-1901(75), including, but not limited to, compounding drugs pursuant to or in anticipation of a prescription order, labeling of drugs, and offering or performing of acts, services, operations or transactions necessary in the conduct, operation, management and control of a pharmacy.

29.    Defendant operates and engages in the Practice of Pharmacy pursuant to a permit/license issued by the Arizona State Board of Pharmacy.

30.    Defendant is a licensed health care provider pursuant to § A.R.S. 12-561.

31.    Defendant's employees involved in the compounding, re-packaging, labeling, marketing, selling, and distributing of its prefilled injectable preparations of bevacizumab for intravitreal administration, including the selection of the syringe, are licensed health care providers pursuant to § A.R.S. 12-561.

32.     Defendant is vicariously liable for the acts and omissions of its employees occurring within the course and scope of their employment.

33.     Defendant and its employees owed a duty to Plaintiff, Robert Dalessandro, and other recipients of its prefilled injectable preparations of bevacizumab to comply with the applicable standard of care in the compounding, re-packaging, labeling, marketing, selling, and distributing of its prefilled injectable preparations of bevacizumab for intravitreal administration, including the selection of the syringe.

34.     Defendant, through its employees, breached its duty to Plaintiff to comply with the applicable standard of care by failing to exercise that degree of care, skill, and learning that would be expected under similar circumstances of a reasonably prudent health care provider in the compounding, re-packaging, labeling, marketing, selling, and distributing of prefilled injectable preparations of bevacizumab for intravitreal administration, including the selection of the syringe.

35.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered, and will continue to suffer in the future, serious and permanent bodily injuries, pain and suffering, emotional distress, disability, mental anguish, inconvenience, aggravation of a preexisting condition, loss of the capacity for the enjoyment of life, medical expenses in the past and future, lost wages, and a loss of future earning capacity.

WHEREFORE, Plaintiff respectfully requests that he be granted relief against Defendant as contained in the Prayer for Relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.  Awarding compensatory damages to the Plaintiff in an amount to be determined at trial, including damages for past and future pain and suffering, emotional distress, disability, mental anguish, inconvenience, aggravation of a preexisting condition, loss of the capacity for the enjoyment of life, past and future medical expenses, lost wages, loss of future earning capacity, and loss of consortium;

b.  Awarding punitive damages against Defendant;

c.  Awarding pre-judgment and post-judgment interest to Plaintiff;

d.  Awarding the costs and the expenses of this litigation to Plaintiff;

e.  Awarding reasonable attorneys' fees and costs to Plaintiff as provided by law; and

f.  Granting all such other relief as the Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, Robert Dalessandro, hereby demands a trial by jury on all counts and as to all issues.

Dated: March 28, 2018

BEALE MICHEAELS SLACK
& SHUGHART PC


By */s/ David S. Shughart*
David S. Shughart
7012 N 18th Street
Phoenix, AZ 85020
Attorneys for Plaintiff

- 8 -